Davis, P. J.
This suit was brought to obtain construction of the will of Stephen Storm, deceased. The first *671 clause of the will directs that the testator’s personal estate, except as afterwards specifically bequeathed, be applied to the payment of the bonds and mortgages of his real estate existing at his decease. The second clause bequeathed to Jane Maria Storm, wife of the testator, certain household property in his residence at the time of his decease. The third clause of the will gave, devised and bequeathed to his executors, executrix and trustees all the real and personal estate of whatsoever nature of the testator except the property given to his wife by the second clause upon trusts declared as follows:
“In trust to collect the rents, income and interest arising therefrom, and to apply one equal third part of the net annual income of my real estate from time to time, as collected, to the use of my said wife during her natural fife, this provision for my said wife being intended by me to be received by her in lieu and satisfaction of all her dower rights and thirds in and to my estate, real and personal, and upon her death the trust as to the said one-third of the net annual income of my real estate shall cease, and the said portion then become merged into, and form a part and parcel of my estate.
Fourth. Upon the further trust to apply the income of my estate, real and personal, to the use and benefit of my sons, John Graham- Storm and Thomas Storm, share and share alike, during their natural lives, excepting, however, the part reserved to my wife during her life, by the third clause of this will.
Fifth. Upon the further trust that upon the death of either of my said sons, John Graham Storm, and Thomas Storm, leaving lawful issue him surviving, such issue to receive the portion of the income of my estate to which the parent would have been entitled if living. If more than one issue, such part to be divided equally among them, until the death of my surviving son, when the whole of my estate, subject to the part reserved to my wife during her life, by the third clause of the will (If she shall still be living), shall be divided into as many equal parts as there may be grandchildren of mine surviving at that time, and the same set oft, apportioned or paid, as may be deemed best for the interests of my estate, to such of my grandchildren as shall have arrived at the age of twenty-one years, and to the others of my said grandchildren, as soon as they shall have respectively attained that age, to hold and to have the same to their own use forever.”
It was held by the court below, and is now contended that these provisions of the will, are void so far as they affect the real estate of the decendent because they operate to suspend the power of alienation beyond two lives in being. *672 There is no trust of the personal estate for the benefit of the wife, the trust in her favor is limited to the net annual income of the real estate ‘1 from time to time as collected ” and is expressly declared to be “ in lieu and satisfaction of all her dower rights and thirds,” in and to the estate, real and personal. Under this trust in her favor the wife could take nothing greater than she was entitled to as dower; but the devise cannot be treated as dower, because it gives to her an estate or interest far different in character. The dower of a widow does not operate to suspend the power of alienation. She can grant and convey it at any moment after its admeasurement; and to the fact that a widow has dower of lands devised in trust, for two lives in being, subject to her dower, cannot be said to suspend the power of alienation beyond the two lives in being. But a different question arises when a trust is created in lieu of dower, although it be of no greater interest than the dower estate might be, in the enjoyment of which the wife takes, not as dowress, but as cestui que trust. If she elect to take such a provision in lieu of dower, the devise in trust if valid supersedes all questions of dower, and operates to suspend the power of alienation during the fife of the trust as though the beneficiary stood in any other relation than wife and widow of the devisor. Under the provisions of this will, so far as relates to the testators real estate, it must be held that the trust in favor of his wife, she having elected to take that in lieu of dower, does operate to prevent alienation during the period of her fife. Upon her decease the testator directs that “ the trust as the said one-third of the net annual income of his real estate shall cease, and the said portion then become merged into and form a part and par-' eel of any (his) estate.”
By the fourth clause of the will he creates a further trust fco apply the income of his estate, real and personal, to the use and benefit of his two sons, share and share alike, during their natural lives, excepting, however, the part reserved to his wife during her life by the third clause of the will, and by the fifth clause, upon the death of either of the sons leaving lawful issue, such issue is to take the income of the estate in trust until the death of the surviving son, when the whole estate is to be divided into as many equal parts as there may be grandchildren of the testator then surviving, and be set off, apportioned and paid to them.
By these provisions of the will a trust was created in favor of the two sons in the whole of the personal estate, if any were left after paying off the incumbrances on the real estate, as directed by the first clause of the will, and in two-thirds of the net income of the real estate during their *673 respective lives, to be increased .on the death of their mother to the whole of such net income, and to continue on the death of either for the benefit of his issue, till the death of the surviving son. The trust created is practically a single one, and under it the trustees take the entire income of the property in order to execute the trust as directed by the testator. It is severable only for the purpose of ascertaining the respective interests of the several cestuis que trust in such income. In administering the trust they are to separate the income of the real estate from that of the personal estate, and to ascertain the net income of the real estate, and thus determine the one-third thereof which they are to pay over to the widow of the testator; and then they are to apply the remainder of that income, together with the whole net income of the personal estate to the use of the sons named in the fourth clause. To execute the provisions of the will according to the intent of the testator, it is necessary that the fee of the real estate shall be vested in the trustees, and upon settled rules of construction it is so vested by the will. Tobias v. Ketchum, 32 N. Y., 319. If the will be valid to create the trust, the fee of the real estate is not only so vested in the trustees, but it must continue through life of the widow and the lives of the two sons; for it is not until the death of the survivor of the sons that the fee of the real estate or absolute ownership of the proceeds, if sold under the power of sale, can vest in any of the grandchildren of the testator. The fact that a power of sale is given by the will to the executors makes no difference with the question we are considering, because the proceeds would be still held in trust under the will charged with the duties and obligations imposed by the trust.
The necessary effect of the provisions creating the trust is, therefore, to tie up the power of alienation of the real estate of the testator for the period of three lives in being, and those provisions were, therefore, void by our statute.
It is not so as to personal estate, for that is given in trust only for the lives of the two sons, but we do not understand this to be a material question in the case.
The result is that the judgment of the special term should be affirmed. The costs of this appeal of all the parties to be paid out of the fund. J
Brady and Daniels, JJ., concur.